UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CROSMAN CORPORATION,

                      Plaintiff,              08-CV-6034 (CJS)

   -vs-

                                                      DECISION AND ORDER

HECKLER & KOCH, INC.,

                      Defendant.
_____

APPEARANCES

For Plaintiff:                  Jerauld E. Brydges, Esq.
                               Stephen B. Salai, Esq.
                               Harter, Secrest and Emery, LLP
                               1600 Bausch & Lomb Place
                               Rochester , New York 14604-2711

For Defendants:           Heidi Schenk Martinez, Esq.
                               Thomas E. Reidy, Esq.
                               Ward, Norris, Heller & Reidy, LLP
                               300 State Street, 6th Floor
                               Rochester, New York 14614

                               Sean J. Kirby, Esq.
                               Theodore C. Max, Esq.
                               Sheppard Mullin Richter & Hampton LLP
                               30 Rockefeller Plaza, 24th Floor
                               New York , New York 10112

INTRODUCTION

      In this action, Plaintiff Crosman Corporation ("Plaintiff"), a manufacturer of air guns, seeks a declaratory judgment that its Pulse R74 Electric Soft Air Rifle does not infringe the intellectual property rights of Defendant Heckler & Koch, Inc. ("Defendant"). Now before the Court is Defendant's motion [#20] captioned, "Motion to Dismiss

1

Pursuant to Fed.R.Civ.P. 12(b)(4), 12(b)(5), *Forum Non Conveniens*, Or, In The Alternative, To Transfer Pursuant to 28 U.S.C. Section 1404." For the reasons that follow, the motion to transfer venue is granted, and this action is transferred to the United States District Court for the Southern District of Indiana.

BACKGROUND

Plaintiff is a Delaware corporation with its principal place of business in East Bloomfield, New York, in the Western District of New York. Plaintiff manufactures "soft air" guns, which fire small plastic projectiles, using compressed air or carbon dioxide. Defendant is a Virginia corporation with offices in Virginia and Georgia. In contrast to Plaintiff's soft air guns, which are essentially toys, Defendant manufactures various "real" weapons including the MP5 submachine gun ("the MP5"). Defendant owns certain intellectual property rights in its products, and in that regard, it retained Continental Enterprises ("Continental"), located in Indianapolis, Indiana, to assist in policing and protecting those rights.

Some time prior to 2007, Plaintiff began manufacturing and selling the Pulse R74 Electric Soft Air Rifle ("the Pulse R74") through distributors, including Dick's Sporting Goods ("Dick's"). Subsequently, Continental learned that the Pulse R74 was being sold at Dick's stores in Indiana. In or about June 2007, Continental sent a cease-and-desist letter to Dick's, alleging that the Pulse R74 violated Defendant's intellectual property rights. The letter demanded, among other things, that Dick's provide an accounting and voluntarily surrender its inventory of the Pulse R74. The letter further stated that if Dick's did not comply with those demands, that Defendant would "take appropriate steps to enforce [its] rights and to protect the public from continued deception."

(Affidavit of Darlene Seymour, Exhibit ("Ex.") A). On or about June 26, 2007, Defendant sent an essentially-identical cease-and-desist letter to Plaintiff. (*Id.*). Subsequently, the parties had settlement discussions, and "exchanged several letters in an attempt to settle the dispute, to no avail." (Aff. Of Athena Jamesson, ¶ 6). On September 4, 2007, Plaintiff tendered a settlement proposal, pursuant to which Plaintiff demanded the right to phase out its production of the Pulse R74, and to sell its remaining inventory. On September 5, 2007, Defendant rejected that offer, stating that it was "adverse to any resolution that includes a sell-off provision," and further stating that it was "not willing to discuss settlement until Crosman has complied with [Defendant's] demand for an accounting of all sales of the offending item." (Jamesson Aff., Ex. E).

Two weeks later, on September 19, 2007, Plaintiff commenced civil action number 07-CV-6457 MAT, in the United States District Court for the Western District of New York, against Defendant's German parent corporation, Heckler & Koch Gmbh Ltd. ("Heckler GmbH"), seeking a declaratory judgment that Plaintiff did not violate Heckler GmbH's intellectual property rights. Plaintiff did not serve Heckler GmbH with a summons and complaint, nor, during a subsequent settlement discussion with Defendant's counsel, did Plaintiff's counsel reveal the filing. Eventually, on October 10, 2007, Defendant's counsel independently learned of the lawsuit. During a subsequent telephone conversation, Plaintiff's counsel assured Defendant's counsel that Plaintiff did not intend to actually pursue the lawsuit, and that it had filed the action "to preserve jurisdiction in New York and avoid litigation in Germany." (Seymour Affidavit ¶ 16). Plaintiff never actually served the summons and complaint on Heckler GmbH, and the

3

Court eventually issued an Order to Show Cause, directing Plaintiff to show cause why the action should not be dismissed for failure to prosecute. On May 12, 2008, Plaintiff indicated that it did not oppose the dismissal of the action, and the case was dismissed without prejudice.

During the Fall of 2007, the parties continued to explore settlement. On November 8, 2007, Defendant's counsel sent Plaintiff's counsel a proposed complaint, and advised Plaintiff that it was already in the process of pursing litigation against other alleged infringers. (Seymour Reply Aff., Ex. H). The letter further demanded that Plaintiff provide an accounting by November 19, 2007, and that otherwise, Defendant would "have to reevaluate its position on settlement." (*Id.*). Plaintiff declined to provide an accounting. However, on November 27, 2007 and December 18, 2007, Defendant tendered settlement demands to Plaintiff. Plaintiff did not respond to Defendant's last settlement demand.

Instead, on January 22, 2008, Plaintiff commenced the instant action in this Court, against Defendant and Heckler GmbH, seeking a declaratory judgment that Plaintiff does not infringe Defendant's intellectual property rights. According to Plaintiff's Corporate Counsel, Plaintiff filed this action "to vindicate its rights in the face of [Defendant's] threats of injunctive relief, damages, and impoundment." (Jamesson Aff. ¶ 12). However, as with the earlier action, Plaintiff did not take any immediate steps to serve Defendant with a summons and complaint.

On February 8, 2008, having received no response from Plaintiff to its last settlement offer, and apparently being unaware of this lawsuit, Defendant commenced a separate action against Plaintiff in the Marion County Superior Court in the State of

4

Indiana, alleging infringement of intellectual property rights. Plaintiff subsequently removed the action to the United States District Court for the Southern District of Indiana. The Indiana District Court has since directed the parties to proceed with discovery.

On or about March 19, 2008, Plaintiff served a summons and complaint on Defendant and Heckler GmbH. Until that date, according to Defendant's counsel, Defendant was not aware that this lawsuit had been filed. On April 16, 2008, Plaintiff voluntarily discontinued this action as against Heckler GmbH. Consequently, Heckler & Koch, Inc. is the sole remaining defendant in this action.

On April 9, 2008, Defendant filed the subject motion [#20], captioned, as previously indicated, "Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(4), 12(b)(5), *Forum Non Conveniens*, Or, In The Alternative, To Transfer Pursuant to 28 U.S.C. Section 1404." In addition to arguing that the Western District of New York is an inconvenient forum, the motion alleged that Plaintiff had not properly served Defendant with a summons and complaint. Plaintiff subsequently re-served Defendant with a new summons and complaint, and Defendant has now withdrawn its motions under Rules 12(b)(4) and 12(b)(5). Accordingly, the application now before the Court is Defendant's motion for an order dismissing the action, on the grounds of *forum non conveniens*, or alternatively, transferring the action to the United States District Court for the Southern District of Indiana, pursuant to 28 U.S.C. § 1404(a). In support of that application, Defendant maintains that the alleged infringement occurred in Indiana, that its evidence of Plaintiff's alleged infringement is located in Indiana, and that the majority of its witnesses on the issue of infringement are employees of Continental, who are located

in Indiana. Defendant further states that the Indiana action has progressed further than the instant case. Additionally, Defendant argues that, although courts usually will allow the first-filed action to proceed, the Court should not do so here, since Plaintiff acted unfairly in commencing this action, by using "the guise of settlement negotiations to win the race to the courthouse." (Def. Memo of Law at 10).

In opposition to the motion to transfer venue, Plaintiff denies that it filed the instant declaratory judgment action in order to gain a procedural advantage over Defendant. Plaintiff also contends that this Court is a more convenient forum, since Plaintiff's "witnesses and related documents" are located at its offices in East Bloomfield, New York. (Jamesson Aff. ¶ 17).

On September 11, 2008, counsel for the parties appeared before the undersigned for oral argument of the motion.

## DISCUSSION

At the outset, the Court notes that Defendant's motion must be denied, to the extent that it is based on the doctrine of *forum non conveniens*. In that regard, 28 U.S.C. § 1404(a)[1] replaced the common law doctrine of *forum non conveniens*, at least with regard cases in which transfer to another United States District Court is sought. *See*, *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 722, 116 S.Ct. 1712, 1724 (1996) ("This transfer of venue function of the *forum non conveniens* doctrine has been superseded by statute, *see* 28 U.S.C. § 1404(a)[,] and to the extent we have continued

---

[1]28 U.S.C. § 1404(a) states that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

6

to recognize that federal courts have the power to dismiss damages actions under the common-law *forum non conveniens* doctrine, we have done so only in cases where the alternative forum is abroad.") (citations and internal quotation marks omitted). Accordingly, the doctrine of *forum non conveniens* is not applicable in the instant case.

Rather, where, as here, the Court is faced with essentially-identical lawsuits pending in separate courts in the United States, the Court must apply the "first filed rule." *Employers Ins. Of Wausau v. Fox Entertainment Group, Inc.*, 522 F.3d 271, 275 (2d Cir. 2008). In this regard, the law has been clearly stated by the Second Circuit:

> As a general rule, where there are two competing lawsuits, the first suit should have priority. This rule embodies considerations of judicial administration and conservation of resources by avoiding duplicative litigation and honoring the plaintiff's choice of forum. We have recognized only two exceptions to the first-filed rule: (1) where the 'balance of convenience' favors the second-filed action, and (2) where 'special circumstances' warrant giving priority to the second suit.
>
> \*\*\*
>
> The two exceptions to the first-filed rule are premised on the notion that the federal declaratory judgment is not a prize to the winner of a race to the courthouses. However, this admonition merely reminds us that the first-filed rule does not constitute an invariable mandate. The inquiry still requires selection of the more appropriate forum, since the first-filed rule is only a " 'presumption' that may be rebutted by proof of the desirability of proceeding in the forum of the second-filed action.
>
> In applying the 'balance of convenience' exception, we have considered the ties between the litigation and the forum of the first-filed action. . . [T]he factors relevant to the balance of convenience analysis are essentially the same as those considered in connection with motions to transfer venue pursuant to 28 U.S.C. § 1404(a). Among these factors are: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties. A balance of these factors will identify the more appropriate forum.
>
> Given the centrality of the balance of convenience, the 'special

circumstances' in which a district court may dismiss the first-filed case without this analysis are quite rare. In fact, we have identified only a limited number of such circumstances. One exists where the first-filed lawsuit is an improper anticipatory declaratory judgment action.  District courts in this Circuit have recognized that, in order for a declaratory judgment action to be anticipatory, it must be filed in response to a direct threat of litigation that gives specific warnings as to deadlines and subsequent legal action.  Another special circumstance is where forum shopping alone motivated the choice of the situs for the first suit.  This does not mean that any evidence of forum shopping will suffice. Any lawyer who files a case on behalf of a client must consider which of the available fora might yield some advantage to his client, and thus, to that degree, engages in 'forum shopping.' Rather, the first-filing plaintiff must engage in some manipulative or deceptive behavior, or the ties between the litigation and the first forum must be so tenuous or *de minimis* that a full 'balance of convenience' analysis would not be necessary to determine that the second forum is more appropriate than the first. Where special circumstances are not present, a balancing of the conveniences is necessary.

*Employers Ins. Of Wausau v. Fox Entertainment Group, Inc.*, 522 F.3d at 274-276

(citations and internal quotation marks omitted).

Applying these principles of law to the facts as set forth above, the Court concludes that the subject action seeks an improper anticipatory declaratory judgment.[2] Specifically, the Court finds that Plaintiff commenced this action in response to a specific threat of litigation by Defendant. In that regard, Plaintiff commenced this action after Defendant provided it with a sample infringement complaint, and after Defendant issued thinly-veiled threats to commence litigation if Plaintiff did not comply with

---

[2]During oral argument, Plaintiff's counsel suggested that the Court should not transfer the case on this basis, since Defendant failed to raise the argument.  The Court agrees that Defendant's arguments are not exactly based on the legal standard set forth above.  Specifically, Defendant focuses on the fact that Plaintiff allegedly lulled Defendant into thinking that a settlement was likely, rather than focusing on the fact that Plaintiff filed this action in response to threats of litigation. Nevertheless, the Court construes Defendant's papers as essentially arguing that this action is an improper anticipatory declaratory judgment action. *See,e.g.*, Defendant's Reply Memo of Law at 7 (""Crosman filed its declaratory judgment action in anticipation of litigation so as to beat HKI to court and take advantage of the first-to-file rule.").

Defendant's settlement demands.  Plaintiff obviously understood Defendant's threats of litigation as such, since it claims that it commenced this action "to vindicate its rights in the face of [Defendant's] threats of injunctive relief, damages, and impoundment." (Jamesson Aff. ¶ 12)(*see also, Id*. ¶ 14: "Crosman's action . . . was filed in the face of H&K's repeated threats of legal action.").

## CONCLUSION

For the foregoing reasons, Defendant's motion [#20] is granted to the extent that it seeks transfer of this action, and is otherwise denied.  Upon application of the "first-filed rule" and its exceptions, this action is transferred to the United States District Court for the Southern District of Indiana, Indianapolis Division, where an essentially-identical action is pending under the caption *Heckler & Koch, Inc. v. Crosman Corporation and Dick's Sporting Goods, Inc.*, Case No. 1:08-CV-0330-WTL-TAB.

SO ORDERED.

Dated:   September 16, 2008
         Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge